*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-193

DECEMBER TERM, 2014

| | |
|---|---|
| In re Castleton Expansion Renovation Permit | } APPEALED FROM: |
| | } |
| | } Superior Court, |
| | } Environmental Division |
| | } |
| | } DOCKET NO. 129-9-13 Vtec |

Trial Judge: Thomas S. Durkin

In the above-entitled cause, the Clerk will enter:

Town of Castleton resident Graham Trudo appeals a decision by the Superior Court, Environmental Division, dismissing for lack of standing his appeal of the town development review board's (DRB) determination that proposed alterations to the Town Office Building did not require a zoning permit. We affirm.

On November 6, 2012, town voters approved the issuance of bonds for the purpose of renovating the Town Office Building. On August 29, 2013, the DRB determined that no zoning permit was required for alterations to the building because the alterations were exempted as essential services under the zoning ordinance. Mr. Trudo appealed that decision to the environmental court, which granted the Town's motion to dismiss the appeal based on Mr. Trudo's lack of standing. The court determined that Mr. Trudo did not have standing because he was not an "interested person" under the definitions set forth in 24 V.S.A. § 4465(b). Mr. Trudo appeals to this Court, arguing that he is an interested party with standing to challenge the DRB decision. The Town has not filed an appellee's brief on the merits of the environmental court's standing ruling, but rather has moved this Court to dismiss the appeal as moot, arguing that there is no longer a justiciable controversy, given a more recent town vote in which voters have rejected the issuance of bonds for the proposed renovation of the Town Office Building.[*]

As a preliminary matter, we deny the Town's motion to dismiss this appeal as moot. Renovation of the Town Office Building may in fact be on hold as the result of a January 28, 2014 vote in which town voters rejected an article asking them to approve the issuance of bonds for the renovation. But currently in place is the DRB's ruling that the Town does not need a zoning permit to renovate that building. Dismissal of this appeal as moot would leave undisturbed the environmental court's decision that Mr. Trudo lacks standing to challenge the DRB ruling; thus, if town voters later approve renovation of the Town Office Building, the Town could claim the right to proceed with the renovation without a permit based on these past rulings. Given these circumstances, we conclude that the appeal is not moot. Paige v. State, 2013 VT

---

[*] The Town states that a second vote on the proposed project was held after the bond attorney determined that the first warning and vote would not satisfy the legal requirements of the bonding company.

105, ¶ 8, 195 Vt. 302 (stating that appeal is not moot if it involves either a live controversy or the parties have "a legally cognizable interest in the outcome of the case throughout the entire proceeding" (quotation omitted)).

Turning to the merits of the appeal, we uphold the environmental court's decision. "An interested person who has participated in a municipal regulatory proceeding authorized under [Title 24] may appeal a decision rendered in that proceeding by an appropriate municipal panel to the Environmental Division." 24 V.S.A. § 4471(a); see also 10 V.S.A. § 8504(b) ("[A]n interested person, as defined in 24 V.S.A. § 4465, who has participated as defined in 24 V.S.A. § 4471 in the municipal regulatory proceeding under that chapter may appeal to the Environmental Division an act or decision made under that chapter by . . . a development review board; . . ."). An "interested person" is defined as any one of the following:

> (1) A person owning title to property . . . affected by a bylaw, who alleges that the bylaw imposes on the property unreasonable or inappropriate restrictions of present or potential use under the particular circumstances of the case.
>
> (2) The municipality that has a plan or a bylaw at issue in an appeal . . . or any municipality that adjoins that municipality.
>
> (3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of any decision or act taken under this chapter, who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.
>
> (4) Any ten persons who may be a combination of voters or real property owners within a municipality listed in subdivision (2) of this subsection who, by signed petition, . . . allege that any relief requested by a person under this title, if granted, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality. . . .
>
> (5) Any department and administrative subdivision of this state owning property or any interest in property listed in subdivision (2) of this subsection, and the agency of commerce and community development of this state.

24 V.S.A. § 4465(b).

As the environmental court explained it its decision, Mr. Trudo does not fit within any of these categories. Subsection one is not satisfied simply because the subject property is a town building and Mr. Trudo is a town resident and taxpayer. The Town is the owner of the subject property; Mr. Trudo's status as a town taxpayer does not make him a title owner of town property. Plainly, he does not own title to property on which he is claiming the imposition of inappropriate use restrictions. By the same token, neither does his status as town resident and taxpayer make him a "municipality" under subsection two. As for subsection three, the

2

environmental court found it undisputed that Mr. Trudo's residence is more than three miles from the Town Office Building. This distance cannot be considered "in the immediate neighborhood" of the subject property, at least under the circumstances of this case. In any event, Mr. Trudo has not alleged that he "can demonstrate a physical or environmental impact" on his interest under the criteria reviewed. Further, as the environmental court stated, Mr. Trudo's alleged status as a trustee of a commercial building across the street from the Town Office Building does not qualify him as owning or occupying property in the immediate neighborhood of the subject property. The court found that Mr. Trudo appealed the DRB decision solely in his individual capacity and that he has not alleged that the commercial entity itself appealed the DRB decision or that any such entity designated him as its spokesperson for doing so. Mr. Trudo does not suggest that subsections four or five of § 4465(b) apply in this case.

Mr. Trudo's principal argument is that any taxpayer such as himself who is a legal town voter and has attended meetings and voiced his opinions as an interested person should be able to appeal a DRB ruling concerning a building that is the town office for the entire Town and all of its residents. As a town resident, Mr. Trudo had an opportunity to vote on the proposed issuance of bonds to renovate the Town Office Building. At issue here, however, is not a political decision by town voters concerning the expenditure of town funds supplied at least in part by town taxpayers, but rather a zoning decision that can be appealed only by interested persons as defined by statutory criteria that Mr. Trudo cannot meet here.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3